**NOT RECOMMENDED FOR PUBLICATION OR CITATION**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| JASON MACKEY, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6: 05-438-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| CHARLES E. SAMUELS, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*   \*\*   \*\*   \*\*   \*\*

Jason Mackey, an individual currently confined in the Federal Correctional Institution in Manchester, Kentucky ("FCI-Manchester"), has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 [Record No. 1].  He has also filed a motion to proceed *in forma pauperis* [Record No. 3].  In support of the motion to proceed *in forma pauperis*, Petitioner attached:  (1) a "Certificate of Inmate Account" which an official of FCI-Manchester completed on August 28, 2005; and (2) a computer-generated document entitled "Inmate Inquiry," dated August 28, 2005, which FCI-Manchester prepared [Record No. 4].  The "Inmate Inquiry" documents the Petitioner's inmate deposits for the six-month period preceding August 28, 2005, and reveals that in that six-month period, the Petitioner had a total of $230.084 deposited to the account, resulting in a monthly average deposit amount of $38.47.  These funds have been at his disposal, over and above having the costs of his living essentials paid by federal taxpayers.  The filing fee for a §2241 petition is $5.00.

-1-

Title 28 of the United States Code, §1915(a), permits the Court to authorize the commencement of an action or appeal without prepayment of fees by a person who submits an affidavit of indigency and, if the person is a prisoner, an institutional certificate of the trust fund account over the six months preceding filing the action or appeal.  Under 28 U.S.C. §1915(e)(2), however,

[T]he court shall dismiss the case at any time if the court determines that–

(A)     *the allegation of poverty is untrue*; or

(B)     the action or appeal--

    (i)     is frivolous or malicious;

    (ii)     fails to state a claim on which relief may be granted; or

    (iii)     seeks monetary relief against a defendant who is immune from such

relief.

*See* 28 U.S.C. §1915(e)(2) (Emphasis added).

Historically, while a party need not be absolutely destitute in order to proceed *in forma pauperis* in federal court, pauper status has been denied to those bringing civil actions where they have adequate money to pay the filing fee.  *See Ward v. Werner*, 61 F.R.D. 639 (M.D. Pa. 1974); *Shimabuku v. Britton*, 357 F. Supp. 825 (D. Kan. 1973), *aff'd* 503 F.2d 38 (10th Cir. 1974).  Proceeding *in forma pauperis* is a privilege, not a right.  *See Shobe v. People of the State of California*, 362 F.2d 545 (9th Cir. 1966), *cert. denied*, 385 U.S. 887 (1966).

Based on the information provided by Mackey, the Court determines that the Petitioner has sufficient resources available with which to pay the $5.00 filing fee for a habeas proceeding. Therefore, it is hereby **ORDERED** as follows:

(1)     The Petitioner's motion to proceed *in forma pauperis* [Record No. 3] is **DENIED**.

(2)     The Petitioner is granted thirty (30) days from the date of this Order to submit to the Clerk of the Court the sum of $5.00 for the instant filing fee.

(3)     Upon payment of the fee or, in the alternative, the expiration of forty (40) days from the date of entry of this Order, whichever shall occur first, the Clerk of the Court is directed to notify the Pro Se Office.

(4)    The Petitioner is on notice that if he fails to pay the filing fee within thirty (30) days from the date of entry of this Order, the Court will dismiss the instant action for want of prosecution.  If the case is dismissed under these circumstances, it is not to be reinstated to the Court's active docket despite the subsequent payment of filing fees. *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

This 28th day of November, 2005.



Signed By:

*Danny C. Reeves*  DCR

**United States District Judge**