NOT RECOMMENDED FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | |
|---|---|
| JASON MACKEY, ) | |
| ) | |
|    Petitioner, ) | Civil Action No. 6: 05-438-DCR |
| ) | |
| V. ) | |
| ) | **MEMORANDUM OPINION** |
| CHARLES E. SAMUELS, Warden, ) | **AND ORDER** |
| ) | |
|    Respondent. ) | |

\*\*   \*\*   \*\*   \*\*   \*\*

Jason Mackey, an individual currently confined in the Federal Correctional Institution in Manchester, Kentucky (FCI-Manchester), has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. He also has paid the $5.00 filing fee. The matter is before the Court for initial screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. §1915(e)(2) affords a court the authority to dismiss a case at any time if the court determines the action: (i) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

RESPONDENT

The named Respondent is Charles E. Samuels, Warden of FCI-Manchester.

CLAIMS

The Petitioner claims that the Respondent violated his right to due process of law. He further complains that other prison officials at FCI-Manchester violated his Eighth Amendment rights.

ALLEGATIONS OF THE PETITION

The Petitioner asserts four separate claims. First, he argues that based upon an inaccurate Pre-Sentence Investigation Report (PSI) the Bureau of Prisons (BOP) improperly increased his security classification by two points. He contends that the PSI erroneously states that he had a drug problem – a claim he disputes. Because of this error, he alleges that the BOP added not only an extra point to his security classification, but also a "management variable" which essentially resulted in yet an additional point being added. He claims that because of the improper classification, he was transferred to a higher security prison. He asserts that the BOP's actions have violated his due process rights and have compromised his safety and freedom.

Second, the Petitioner alleges that an unidentified person or persons at FCI-Manchester falsified an incident report "to fit under needed criteria to justify punishment." [Petition Form, § 10 (a)(B)].[1] The Petitioner does not identify the offense with which he was charged, explaining only that there were two different incident reports filed. He states that the first

---

[1] The petitioner states in § 9(a) of his Petition Form that this offense was a Category 201 offense. The BOP enumerates various levels of offenses in 28 C.F.R. § 541.13 "Prohibited Acts and Disciplinary Severity Scale."

-2-

incident report set forth the "visual testimony of the officer present." [*Id*.]. He then explains that a "third party officer," who knew nothing about the incident, filed a second incident report to reinforce and corroborate the first incident report. The Petitioner contends that the first incident report alone could not have justified the charge filed against him. However, he gives no further details as to the final disposition of this charge, such as the sanction imposed Broadly construed, the claim would fall under the Fifth Amendment.

Third, the Petitioner claims that Case Manager Mrs. Johnson "deliberately and with malice aforethought" threatened his life by announcing in an open Segregated Housing Unit that the petitioner was a "snitch." [*Id*.]. This claim would fall under the Eighth Amendment.

Fourth, the Petitioner claims that he was wrongfully charged with fighting with an inmate. He claims that the other inmate attacked him and that he was only defending himself. The Petitioner gives no further details as to the final disposition of the fighting charge, such as the sanction imposed. Broadly construed, this allegation would arise under the due process clause of the Fifth Amendment.

RELIEF REQUESTED

The Petitioner requests no specific relief, but the Court construes that he is seeking an order directing the BOP to lower his custody classification by two points. Although not stated, he may also be seeking review of the disposition of both disciplinary charges filed against him: the 201 Series Offense and the "fighting with another inmate" charge.

DISCUSSION

1. Exhaustion Required

Prisoners who seek relief under 28 U.S.C. § 2241 are required to exhaust judicially created administrative remedies before filing a habeas action in district court. *Little v. Hopkins*, 638 F.2d 953, 953-954 (6th Cir.1981) (per curiam); *United States v. Cobleigh*, 75 F.3d 242, 251 (6th Cir.1996)); *Sesi v. United States Bureau of Prisons*, 238 F.3d 423, 2000 WL 1827950 (6th Cir.(Mich.) December 7, 2000) (Table) (Unpublished Deposition) (a federal prisoner must first exhaust his available administrative remedies before filing a §2241 petition); *United States v. Oglesby*, 52 Fed. Appx. 712, 714, 2002 WL 31770320 *2 (6th Cir.2002) (citing *United States v. Wilson*, 503 U.S. 329, 335 (1992)).

The administrative remedies for federal prisoners bringing a 28 U.S.C. § 2241 petition are set forth in 28 C.F.R. §§ 542.10-16 (1997). Section 542.13(a) requires that an inmate first informally present his complaint to the staff (BP-8 form), before filing a request for an administrative remedy. If the inmate cannot informally resolve his complaint with staff, then he may submit to the warden a formal written complaint (BP-9) within fifteen (15) calendar days of the date on which the basis of the complaint occurred. § 542.13(b).

An inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response. An inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP-11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response. When

the inmate demonstrates a valid reason for delay, these time limits may be extended. 28 C.F.R. § 542.15.

The BOP's response times are established in 28 C.F.R. § 542.18. "Once filed, response shall be made by the Warden or CCM within 20 calendar days; by the Regional Director within 30 calendar days; and by the General Counsel within 40 calendar days." *Id*.

### 2. Insufficient Exhaustion Efforts

The Petitioner states that he filed the following four separate Administrative Remedies (one for each claim asserted in his § 2241petition):

> 1. # 365802-A1- Response to Illegal Classification;
>
> 2. # 363760-A1- Response to a 201 Series Incident Report;
>
> 3. # 365609-A1-Response to a 201 Series Incident Report;
>
> 4. # 365663-A1- Response to Document Falsification.

[Record No. 1, Petition Form, § 4(a)-(d)].

The Petitioner then asserts that he exhausted all four claims through the rest of the BOP's administrative remedy process, explaining his subsequent efforts as follows:

> 1. April 12, 2005- Complaint Received and Denied;
>
> 2. April 12, 2005- Complaint Received and Denied;
>
> 3. May 24, 2005- Complaint Received and Denied;
>
> 4. April 12, 2005- Complaint Received and Denied.

[*Id*., § 5(a)-(d) and § 9(a)(3)].

Simply put, this explanation of the disposition of four separate BOP grievances is insufficient. The Petitioner's very broad statement in § 5(a)-(d) of the petition form, that his claims were "received and denied," does not inform the Court *which* BOP entity denied his four claims or on what dates each entity denied the claims; whether the warden denied the four claims on these dates, or whether the BOP's Mid-Atlantic Regional Office denied his BP-10 on the given dates; or whether the BOP's Central Office denied these claims on the given dates. The Petitioner attached no documentation which would have verified that he undertook the BP-9, BP-10 and BP-11 steps regarding *each* of his four claims. At a minimum, the Petitioner should have attached the responses from each BOP entity regarding each denied claim.

A prisoner must specifically mention the involved parties in the grievance to alert the prison officials to the problems so that the prison has a chance to address the claims before they reach federal court. *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir.2001). Thus, a prisoner must exhaust each claim as to each defendant. *Burton v. Jones*, 321 F.3d 569, 574-75 (6th Cir.2003). There must be exhaustion of every grievance filed. *Julian-Bey v. Crowley*, 24 Fed. Appx. 393 (6th Cir.2001) (Unpublished order). Here, the Petitioner's blanket statement that all four claims were "received and denied" is an inadequate description of his alleged completion of BOP's three-step administrative remedy process. For this reason, the petition will be dismissed without prejudice.

The Petitioner is advised of two additional matters. First, even if he were to file a new § 2241 petition challenging his custody classification, his chances of prevailing would be almost non-existent. With regard to prison transfers and classification status, well-settled authority

provides that prisoners have no constitutional entitlement to invoke due process claims. *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Marchesani v. McCune*, 531 F.2d 459 (10th Cir.), *cert. denied*, 429 U.S. 846 (1976) (inmates have neither protected liberty interests nor property interests in custodial classification). Rather, the Attorney General of the United States has delegated those discretionary decisions to the Director of the BOP, which has a classification procedure. 18 U.S.C. §4081; 28 C.F.R. §0.96. *See e.g., Peck v. Hoff*, 660 F.2d 371 (8th Cir. 1981). Congress has given federal prison officials full discretion to control the conditions of confinement.

Second, to the extent that the Petitioner complains that his Eighth Amendment rights having been violated by the deliberate and malicious acts of prison officials, those claims would actually fall under 28 U.S.C. §1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).[2] Those claims would not fall under the purview of the habeas corpus statute, 28 U.S.C. § 2241.

## CONCLUSION

For the reasons discussed herein, it is

**ORDERED** that this action is **DISMISSED**, without prejudice, and **STRICKEN** from the Court's active docket.

This 13th day of February, 2006.

---

[2] To establish a right to relief under *Bivens*, the plaintiff must plead and prove two essential elements. First, he must show that he has been deprived of rights secured by the Constitution or laws of the United States. Second, he must demonstrate that the defendants allegedly depriving him of those rights acted under color of federal law. *Bivens*, 403 U.S. at 397.



Signed By:
*Danny C. Reeves* DCR
United States District Judge